Nadia Aziz (State Bar No. 252966)
nadia.aziz@lawfoundation.org
Erin Neff (State Bar No. 326579)
erin.neff@lawfoundation.org
LAW FOUNDATION OF SILICON
VALLEY
4 North Second Street, Suite 1300
San Jose, CA 95113
Telephone:  (408) 280-2410
Facsimile:   (408) 293-0106

Quyen L. Ta (State Bar No. 229956)
qta@kslaw.com
Arwen R. Johnson (State Bar No. 247583)
ajohnson@kslaw.com
Kelly Perigoe (State Bar No. 268872)
kperigoe@kslaw.com
Samuel R. Diamant (State Bar No. 288738)
sdiamant@kslaw.com
Rachel Rubens (State Bar No. 333886)
rrubens@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:  (415) 318-1227

*Attorneys for Plaintiffs*
*[Additional counsel listed on signature*
*page]*

James C. Harrison (State Bar No. 161958)
Robin B. Johansen (State Bar No. 79084)
Margaret R. Prinzing(State Bar No. 209482)
Kristen Mah Rogers (State Bar No. 274672)
Sue Vang (State Bar No. 327655)
OLSON REMCHO LLP
1901 Harrison Street, Suite 1550
Oakland, CA  94612
Telephone:  (510) 346-6200

Jannie L. Quinn (State Bar No. 137588)
Interim City Attorney
Office Of The City Attorney
500 Castro Street, Suite 300
Mountain View CA 94041
Telephone:  (650) 903-6303

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CELERINA NAVARRO, JANET STEVENS, ARMANDO COVARRUBIAS, EVELYN ESTRADA, GABRIEL RANGEL JAIME, ALMA ALDACO, and all others similarly situated,<br><br>              Plaintiffs,<br><br>       v.<br><br>THE CITY OF MOUNTAIN VIEW,<br><br>              Defendant. | Case No. 5:21-cv-05381-NC<br><br>**SECOND STIPULATION AND ORDER TO STAY LITIGATION AND ENFORCEMENT AND CONTINUE LITIGATION SCHEDULE** |

1   Plaintiffs Celerina Navarro, Janet Stevens, Armando Covarrubias, Evelyn Estrada,

2   Gabriel Rangel Jaime, and Alma Aldaco ("Plaintiffs"), and Defendant the City of Mountain

3   View ("the City") (collectively, the "Parties") agree as follows:

4   WHEREAS, on July 14, 2021, Plaintiffs filed a Class Action Complaint challenging the

5   City's implementation of Ordinance No. 14.19 (the "Bike Lanes Ordinance"), amending

6   Chapter 19 of the Mountain View City Code, and Ordinance No. 15.19 (the "Narrow Streets

7   Ordinance"), amending Chapter 36 and Chapter 19 of the Mountain View City Code

8   (collectively, the "Ordinances");

9   WHEREAS, on August 31, 2021, the Court issued a Case Management Scheduling Order

10   setting various deadlines, including deadlines to complete discovery and a trial date;

11   WHEREAS, on November 8, 2021, the Court issued an Order Granting in Part and

12   Denying in Part the City's Motion to Dismiss, while providing Plaintiffs leave to amend the

13   dismissed claims, and denying Plaintiffs' Motion for Preliminary Injunction;

14   WHEREAS, on November 17, 2021, the Parties commenced informal settlement

15   discussions;

16   WHEREAS, on November 22, 2021, the Parties filed a stipulation agreeing to extend any

17   and all discovery deadlines until January 14, 2022;

18   WHEREAS, on November 23, 2021, the Court granted the Parties' stipulated request for

19   an order continuing Plaintiffs' deadline to file an amended complaint until January 14, 2022;

20   WHEREAS, on January 5, 2022, the Parties filed a Stipulation and [Proposed] Order to

21   Stay Litigation and Enforcement and Continue the Litigation Schedule for 90 days, which this

22   Court granted on January 5, 2022, so that the litigation and enforcement were stayed until

23   April 5, 2022;

24   WHEREAS, the Parties have engaged in ongoing informal settlement discussions; have

25   completed one three-hour settlement conference with Magistrate Judge Susan van Keulen on

26   March 9, 2022; will complete a second three-hour settlement conference on March 30; and have

27   a full day settlement conference scheduled for April 20, 2022; and

28   WHEREAS, the Parties need additional time to seek to conclude settlement negotiations

1

and draft a settlement agreement, seek final approval from the Mountain View City Council, and, if necessary, seek Court approval.

NOW THEREFORE, the Parties stipulate as follows:

1.      The Parties agree to a further 90-day stay of litigation to commence on April 6, 2022, and to end 90 days later on July 4, 2022.

2.      The City agrees to not issue any citations or tow any oversized vehicles for violations of the Ordinances during the 90-day stay described in paragraph 1.

3.      The Parties request that the Court sign the [Proposed] Order below to continue the following deadlines and trial date established by the Court's January 5, 2022, Order to Stay Litigation and Enforcement and Continue Litigation Schedule for 90 days, as follows:

| Event | Current Date | Proposed Dates |
|---|---|---|
| Fact discovery closes | June 30, 2022 | September 28, 2022 |
| Concurrent disclosure of opening expert witnesses and reports by both parties on issues for which party bears burden of proof | June 30, 2022 | September 28, 2022 |
| Concurrent disclosure of rebuttal expert witnesses and reports by both parties | August 4, 2022 | November 2, 2022 |
| Expert discovery closes | August 25, 2022 | November 23, 2022 |
| Last day for dispositive motions to be filed | September 22, 2022 | December 21, 2022 |
| Last day for hearing on dispositive motions | December 6, 2022 | March 6, 2023 |
| Pretrial statements due | January 24, 2023 | April 24, 2023 |
| Pretrial Conference | February 7, 2023 | May 8, 2023 |
| Trial | March 13, 2023 | June 12, 2023 |

2

SECOND STIPULATION AND ORDER TO STAY LITIGATION AND ENFORCEMENT
AND CONTINUE LITIGATION SCHEDULE - Case No. 5:21-cv-05381-NC

4. The Parties may withdraw from this Agreement if the Court does not order the full 90-day continuance requested in Paragraph 3. To do so, the Party or Parties seeking to withdraw must notify the other Party or Parties via email within three business day of the Court's partial grant or denial of this [Proposed] Order.

5. Plaintiffs may lift the 90-day stay of litigation for good cause after providing 15 days' notice. To do so, Plaintiffs will notify Counsel for the City via email of their intent to lift the stay by including a description of the issue(s) constituting "good cause." The Parties will engage in good faith meet and confer efforts to resolve the issue(s), commencing no later than 7 days after Plaintiffs provide notice. If the parties are unable to resolve the issue(s) within 15 days of Plaintiffs providing notice, the Parties may recommence litigation no sooner than 15 days after Plaintiffs provide notice.

    A. Good cause for purposes of this stipulation includes any or all of the following circumstances:

        i. The City issuing a citation for a violation of the Narrow Streets Ordinance or Bike Lane Ordinance.

        ii. The City towing a vehicle for a violation of the Narrow Streets Ordinance or Bike Lane Ordinance.

        iii. City officials harassing an occupant(s) of an oversized vehicle, which is defined for purposes of this stipulation to mean threatening to arrest an occupant of an oversized vehicle for a violation of the Narrow Streets Ordinance or Bike Lane Ordinance; threatening to issue a ticket or initiate a tow of an oversized vehicle for a violation of the Narrow Streets Ordinance or Bike Lane Ordinance before the Termination Date; or engaging in an interaction over the Narrow Streets Ordinance or Bike Lane Ordinance in a manner that reasonably causes the occupant to conclude that the occupant has been threatened or intimidated.

        iv. Plaintiffs producing evidence that one or more oversized vehicle occupant has been forced to re-locate from Mountain View because the occupant was either denied a space or no space was available in all of the lots available for safe parking in Mountain View and because there were no legal overnight parking spaces available in the City on certain

3

dates Plaintiffs will specify.  Plaintiffs will consider in good faith any evidence the City produces of available legal parking spaces for oversized vehicles in the City.

          B.     Good cause for purposes of this stipulation shall not include:

                i.     City officials notifying occupants of oversized vehicles that the Ordinances are in effect on that street and/or notifying occupants of oversized vehicles that they should relocate from the covered street, provided that the official provides the documentation described in paragraph 8 below.

                ii.     City officials notifying occupants of oversized vehicles that oversized vehicles could be ticketed or towed after the Termination Date.

                iii.     City officials enforcing ordinances or laws other than the Narrow Streets Ordinance or Bike Lane Ordinance.

        6.     The deadline for the Parties to respond to discovery will be tolled for the duration of the stay and shall reset thirty days after the end of the stay.  The deadline for Plaintiffs to amend the Complaint will be tolled for the duration of the stay and shall reset thirty days after the end of the stay.  For example, should the stay end on May 30, 2022, the deadline for the City to respond to Plaintiffs' discovery and Plaintiffs' deadline to amend the Complaint will be June 29, 2022.  The Parties hereby agree that they will therefore seek a 120-day extension of time for Plaintiffs to amend their Complaint to July 31, 2022, but acknowledge that the deadline for Plaintiffs to amend the Complaint may be earlier than the Court-ordered deadline if the litigation stay is lifted before 90 days.

        7.     If Plaintiffs lift the litigation stay pursuant to paragraph 5, the City may simultaneously lift the stay on ticketing and towing under the Narrow Streets and Bike Lane Ordinances.

        8.     Throughout the 90-day stay, a Mountain View police officer will provide an occupant of an oversized vehicle with the document attached as Exhibit A to the Declaration of Scott Nelson In Support of Defendant's Opposition to Plaintiffs' Motion For Preliminary Injunction (ECF No. 43-3) whenever a police officer requests that an occupant of an oversized vehicle relocate to a new street in order to comply with the Narrow Streets Ordinance or Bike

4

1  Lane Ordinance.  Exhibit A will be modified to include:

2        A.    In bold letters at the top of the document: "Oversized Vehicles will not be

3  ticketed or towed for failure to comply with the Narrow Streets or Bike Lane Ordinances before

4  July 4, 2022."

5        B.    "The City has agreed not to ticket or tow oversized vehicles for violating

6  the Narrow Streets or Bike Lane Ordinances (Mountain View Ordinance Nos. 15.19 and 14.19)

7  for an additional 90 days in order to try to resolve *Navarro v. City of Mountain View*, a lawsuit

8  that has been filed to challenge the Ordinances by organizations including the Law Foundation of

9  Silicon Valley.  This 90-day period ends on July 4, 2022.  For more information about this

10  agreement, go to [insert address for page on City's Narrow Streets webpage on the City's

11  website]."  The webpage will include only a copy of this stipulation, fully executed, and the

12  accompanying Court order.

13        IT IS SO STIPULATED.

14

15  Respectfully submitted,

16  DATED:  March 28, 20222

17  */s/ Nadia Aziz*
   Nadia Aziz (SBN 252966)
18  nadia.aziz@lawfoundation.org
   Erin Neff (SBN 326579)
19  erin.neff@lawfoundation.org
   LAW FOUNDATION OF SILICON VALLEY
20  4 North Second Street, Suite 1300
   San Jose, CA 95113
21  Telephone:   (408) 280-2410
   Facsimile:    (408) 293-0106
22
   */s/ Thomas Zito*
23  Thomas Zito (SBN 304629)
   tzito@dralegal.org
24  Sean Betouliere (SBN 308645)
   sbetouliere@dralegal.org
25  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, 4th Floor
26  Berkeley, California 94704-1204
   Telephone: (510) 665-8644
27  Facsimile: (510) 665-8511

   */s/ William S. Freeman*
   William S. Freeman (SBN 82002)
   wfreeman@aclunc.org
   Grayce Zelphin (SBN 279112)
   gzelphin@aclunc.org
   Brandon Greene (SBN 293783)
   bgreene@aclunc.org
   AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF NORTHERN CALIFORNIA
   39 Drumm Street
   San Francisco, CA 94111
   Telephone: (415) 621-2493
   Facsimile: (415) 255-8437

   */s/ Deanna L. Kwong*
   Deanna L. Kwong (SBN 233480)
   deanna.l.kwong@hpe.com
   HEWLETT PACKARD ENTERPRISE
   6280 America Center Drive
   San Jose, CA 95002
   Telephone: (650) 258-3307
   *Pro Bono Counsel*

28

SECOND STIPULATION AND [PROPOSED] ORDER TO STAY LITIGATION AND
ENFORCEMENT AND CONTINUE LITIGATION SCHEDULE - Case No. 5:21-cv-05381-NC

1
*/s/ Quyen L. Ta*
Quyen L. Ta (SBN 229956)
2
qta@kslaw.com
Arwen R. Johnson (SBN 247583)
3
arwen.johnson@kslaw.com
Kelly Perigoe (SBN 268872)
4
kperigoe@kslaw.com
Samuel R. Diamant (SBN 288738)
5
sdiamant@kslaw.com
Rachel Rubens (SBN 333886)
6
rrubens@kslaw.com
KING & SPALDING LLP
7
50 California Street, Suite 3300
San Francisco, CA 94111
8
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
9
*Pro Bono Counsel*
10
*Attorneys for Plaintiffs*
11
*/s/ James C. Harrison*
12
James C. Harrison (SBN 161958)
jharrison@olsonremcho.com
13
Robin B. Johansen (SBN 79084)
14
rjohansen@olsonremcho.com
Margaret R. Prinzing (SBN 209482)
15
mprinzing@olsonremcho.com
Kristen Mah Rogers (SBN 274672)
16
krogers@olsonremcho.com
Sue Vang (SBN 327655)
17
svang@olsonremcho.com
18
OLSON REMCHO LLP
1901 Harrison Street, Suite 1550
19
Oakland, CA  94612
Telephone: (510) 346-6200
20
Facsimile:  (510) 574-7061
21
*Attorneys for Defendant*
22
City of Mountain View
23
24
25
26
27
28

6

SECOND STIPULATION AND ORDER TO STAY LITIGATION AND ENFORCEMENT
AND CONTINUE LITIGATION SCHEDULE - Case No. 5:21-cv-05381-NC

## <u>ORDER</u>

Upon review of the foregoing stipulation of the Parties, and the Court finding good cause for the same, the time for Plaintiffs to file an amended Complaint is hereby extended for 120 days, up to and including July 31, 2022, and the following deadlines are set:

| Event | Dates |
|---|---|
| Fact discovery closes | September 28, 2022 |
| Concurrent disclosure of opening expert witnesses and reports by both parties on issues for which party bears burden of proof | September 28, 2022 |
| Concurrent disclosure of rebuttal expert witnesses and reports by both parties | November 2, 2022 |
| Expert discovery closes | November 23, 2022 |
| Last day for dispositive motions to be filed | December 21, 2022 |
| Last day for hearing on dispositive motions | March 6, 2023 |
| Pretrial statements due | April 26, 2023 |
| Pretrial Conference | May 10, 2023 |
| Trial | June 12, 2023 |

IT IS SO ORDERED.

Dated:   March 20, 2022



_____
HON. NATHANAEL M. COUSINS
United States Magistrate Judge

IT IS SO ORDERED
AS MODIFIED
Judge Nathanael M. Cousins

## <u>L.R. 5-1 ATTESTATION</u>

I, Margaret R. Prinzing, attest that all signatories listed herein, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

By: _/s/ Margaret R. Prinzing_

7