# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CELERINA NAVARRO, JANET STEVENS, ARMANDO COVARRUBIAS, EVELYN ESTRADA, GABRIEL RANGEL JAIME, ALMA ALDACO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF MOUNTAIN VIEW,<br><br>Defendant. | Case No. 5:21-cv-05381-NC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND AUTHORIZING ENTRY OF JUDGMENT**<br><br>Judge:   Hon. Nathanael Cousins |

I.  **INTRODUCTION**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement. Plaintiffs filed this action in 2021 alleging that two recently enacted ordinances restricting when and where oversized vehicles ("OSVs") could park violated the state and federal constitutional and statutory rights of Plaintiffs and other people living in OSVs. Defendant, City of Mountain View ("Defendant" or "City"), does not admit these allegations, and does not concede liability. Following extensive negotiations that took place over more than nine months, the Parties have reached a Settlement Agreement ("Agreement") that is in the best interest of all Parties and satisfies the requirements of Federal Rule of Civil Procedure 23. The Agreement ensures OSV residents have at least three miles of parking available to them in the City, and will receive notice prior to towing of their vehicular homes. The Court preliminarily approved the Agreement by order entered November 2, 2022. *See* ECF No. 122.

Plaintiffs now ask that the Court enter an order (1) certifying the settlement class; (2) granting final approval of their proposed class-wide settlement agreement; and (3) authorizing entry of judgment pursuant to the Agreement. Defendant has indicated that it does not oppose this Motion, and a final fairness hearing on this matter was held on February 15, 2023.

Having presided over the proceedings in the above-captioned action and having reviewed all of the arguments, pleadings, records, and papers on file, this Court finds and orders as follows:

II.  **FINDINGS**

A.  **Final Approval of the Parties' Proposed Agreement is Granted.**

Federal Rule of Civil Procedure 23(e) conditions the settlement of any class action on court approval, which is intended to ensure that the proposed settlement is "fair, adequate, and free from collusion." Pre-certification settlements, such as this one, are subject to a "higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required."[1] *In*

---

[1] Before approving such settlements, courts must look not only for explicit evidence of collusion, but also for more "subtle signs" of self-interest, including (1) whether class counsel will receive "disproportionate distribution of the settlement," (2) whether the defendant has agreed not to object to class counsel's fee request, and (3) whether unclaimed funds will revert to the

1   *re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (discussing higher
2   standard).

3   "Having already completed a preliminary examination of the agreement, the court
4   reviews it again, mindful that the law favors the compromise and settlement of class action
5   suits." *Rosado v. Ebay Inc.*, No. 12-cv-04005-EJD, 2016 WL 3401987, at *1-2 (N.D. Cal. June
6   21, 2016) (citing *Churchill Village. LLC v. Gen. Elec.*, 361 F.3d 566,576 (9th Cir. 2004)).

7   In making a final fairness determination on a class settlement, a court again considers the
8   Rule 23(e)(2) factors: (1) whether the class was adequately represented; (2) whether the
9   proposed settlement was negotiated at arm's length; (3) whether the relief provided for the class
10  is adequate, taking into account the costs, risks, and delay of trial and appeal, the terms of any
11  proposed award of attorneys' fees, and other facts; and (4) whether the proposal treats class
12  members equitably relative to one another. Fed. R. Civ. P. 23(e)(2); *see also Lane v. Facebook,*
13  *Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). At the final approval stage, the Court should "reach a
14  reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion
15  between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and
16  adequate to all concerned." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688
17  F.2d 615, 625 (9th Cir. 1982).

18  Having considered these factors and examined the settlement process for subtle signs of
19  collusion, the Court finds that final approval is appropriate. The Parties' agreement is thus
20  approved.

21  The Court considers each factor below:

22      1.   <u>Plaintiffs and Their Counsel Have Adequately Represented the Class</u>

23  In determining whether a class has been adequately represented, courts consider the same
24  "adequacy of representation" questions that are relevant to class certification. *See In re MyFord*
25  *Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510, at *8 (N.D. Cal. Mar. 28,
26

27  defendant. *Bluetooth*, 654 F.3d at 946. This "more exacting" review is intended to ensure that "class representatives and their counsel do not secure a disproportionate benefit" at the expense
28  of other class members. *Roes 1-2 v. SFBSC Mgmt., LLC*, No. 17-17079, 2019 WL 6721190, at *10 (9th Cir. Dec. 11, 2019) (citation and internal quotations omitted).

2019); *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 1437101, at *6 (N.D. Cal. Mar. 29, 2019). In that context, courts ask whether (1) "named plaintiffs and their counsel have any conflicts of interest with other class members" and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Sali v. Corona Reg'l Med. Ctr.*, 889 F.3d 623, 634 (9th Cir. 2018) (citation omitted); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); Fed. R. Civ. P. 23(a)(4). Adequate representation of counsel is generally presumed in the absence of contrary evidence. *Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008); *see* 1 William B. Rubenstein, *Newberg on Class Actions* § 3:55 (5th ed. Supp. 2019). Having reviewed the Parties' proposed agreement and all related submissions, the Court finds that Plaintiffs and their counsel have adequately represented the class. This factor weighs in favor of final approval.

2. <u>The Proposed Settlement Was Negotiated at Arm's Length</u>

The Court finds that the Agreement was negotiated at arm's length. While no presumption of fairness attaches to settlements achieved through arms-length negotiations, *see Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019), such negotiations do weigh in favor of approval.[2] Fed. R. Civ. P. 23(e)(2)(B). This Agreement was reached after more than nine months of arm's-length negotiations, including exchanges of written proposals, numerous in-person conferences among counsel, and numerous settlement conferences under the supervision of United States Magistrate Judge Susan van Keulen. As the Advisory Committee has recognized, "the involvement of a neutral or court-affiliated mediator or facilitator . . . may bear on whether [negotiations] were conducted in a manner that would protect and further the class interests." Advisory Committee Notes to 2018 Amendments, Fed. R. Civ. P. 23(e)(2). Parties have shown the Agreement is a product of a procedurally fair and neutral process. *See, e.g.*, *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007) (granting

---

[2] The considerations encompassed by new Rule 23(e)(b)(2) overlap with those contemplated by "certain *Hanlon* factors, such as the non-collusive nature of negotiations, the extent of discovery completed, and the stage of proceedings." *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2019 WL 3290770, at *7 (N.D. Cal. July 22, 2019) (citing *Hanlon*, 150 F.3d at 1026).

preliminary approval of class action settlement where the agreement was a product of "serious, informed, non-collusive negotiations" conducted by experienced counsel over an "extended period of time"). This factor weighs in favor of final approval.

### 3. The Parties' Agreement Provides Adequate Relief to Plaintiffs and The Class.

Under Rule 23(e)(2)(C), a court must consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). Here, Plaintiffs have shown that the Agreement that is fair, adequate and reasonable to the proposed Settlement Class. It achieves significant relief for the proposed class, provides certainty to the class in guaranteeing that they will have somewhere to continue to park and live in Mountain View, and mitigates the risks of further litigation. Attorneys' fees were left for final approval and subject to arm's length negotiations between the Parties with the assistance of Magistrate Judge van Keulen. All relevant factors here weigh in favor of approval.

### 4. The Parties' Agreement Treats All Class Members Equitably

After review of the Parties' proposed settlement, and as described above, all named plaintiffs and class members will receive exactly the same injunctive relief: a map that shows where they may lawfully park, at least three miles of available parking for their OSVs, at least 72 hours' notice via citation prior to the towing of their OSVs, a guaranteed process to request accommodations, and a dispute resolution process. Because the Parties' Agreement treats Plaintiffs and all other "class members equitably relative to each other," the Court finds that this factor weighs in favor of final approval and, in consideration of all the other factors, grants final approval of the settlement. *See* Fed. R. Civ. P. 23(e)(2)(D). The Court further notes that the Named Plaintiffs do not receive any special treatment or incentive awards under the Agreement.

**B.  The Proposed Settlement Class Satisfies All Applicable Rule 23 Requirements and is Certified**

To support class certification, a court must find each of Rule 23(a)'s four requirements has been satisfied: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. In addition to these requirements, "parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).

Here, the Proposed Class is defined as "all persons who resided or sought to reside in an oversized vehicle within the City of Mountain View at any time beginning from December 18, 2020, through the conclusion of the Effective Period of this Agreement" (the "Proposed Settlement Class" or "Proposed Class"). This settlement class is defined slightly differently from the class originally proposed in Plaintiffs' complaint. *See* ECF 1, ¶ 17.[3] However, these differences are incidental and the result of negotiations. There are no material differences from the class as pled and no prejudice to any class member. Any differences are immaterial.

The Court finds that the Proposed Class meets the requirements of Rules 23(a) and 23(b)(2), and the Court reviews each of the factors as follows:

1.  The Settlement Class is Sufficiently Numerous.

Rule 23(a) requires that a settlement class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Especially when plaintiffs seek only injunctive and declaratory relief, "the numerosity requirement is relaxed and plaintiffs may rely on the reasonable inference arising from plaintiffs' other evidence that the number of unknown and future members of [the] proposed [class] . . . is sufficient to make joinder impracticable." *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004).

Here, Plaintiffs are seeking only injunctive and declaratory relief and therefore the Court may consider reasonable inferences of numerosity evidence. Plaintiffs have shown through surveys conducted by the City that the total number of inhabited vehicles parked in the City's

---

[3] The Court acknowledges that Plaintiffs no longer seek certification of a "disability subclass," as proposed in their Complaint. Parties' Agreement provides the same relief to all class members, including class members with disabilities.

streets varies between 200-300, which is more than enough to meet the numerosity requirement. The Court finds that the Proposed Settlement Class is sufficiently numerous such that joinder of all Settlement Class members in a single proceeding would be impracticable.

### 2. The Settlement Class Satisfies Commonality.

Rule 23(a) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied where the plaintiff alleges the existence of "common contentions" such that "determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Each proposed class member is similarly impacted by the City-wide ordinances and related enforcement policies and practices.[4] Any findings of law would apply to individual plaintiffs and class members equally. Additionally, the Parties' Agreement allows for sufficient parking in the City for OSV residents, and therefore is "capable of class wide resolution" that will affect all the putative class members. *See Wal-Mart*, 564 U.S. at 350.

The Court finds that there are questions of law and fact common to the Settlement Class.

### 3. The Named Plaintiffs' Claims are Typical.

The third element of Rule 23(a) requires that the claims of the representative parties are typical of each class member. Fed. R. Civ. P. 23(a)(3). Because typicality overlaps with commonality, a finding of commonality usually supports a finding of typicality. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982) (commonality and typicality requirements frequently "merge"). For similar reasons to those stated above, the Court finds that

---

[4] This case raised numerous common questions of law and fact, including: (1) whether the Ordinances prevented Class Members from residing in or traveling to the City of Mountain View; (2) whether the Ordinances were justified by a compelling government interest; (3) whether the Ordinances were narrowly tailored to serve any such compelling government interest; (4) whether Named Plaintiffs and other Class Members had any practically available alternative to sheltering in their OSVs in Mountain View; (5) whether the Ordinances violated one or more constitutional or statutory provisions; (6) whether Named Plaintiffs and other Class Members were at risk that their OSVs, along with their personal belongings, will be impounded by the City without sufficient notice; and (7) whether Named Plaintiffs and other Class Members were entitled to equitable relief, including system-wide policy changes, to address the alleged constitutional and statutory violations associated with the Ordinances and their enforcement. Compl. ¶ 19.

Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for the purposes of settlement.

    4. <u>Named Plaintiffs and Class Counsel are Adequate Representatives.</u>

The final element of Rule 23(a) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy this element, the Named Plaintiffs and their counsel must not have any conflicts of interest with the other class members, and the named plaintiffs and their counsel must pursue the action vigorously on the class's behalf. *Hanlon*, 150 F.3d at 1020. Here, Plaintiffs shown that there exist no conflicts between the Named Plaintiffs and other Class members. The Parties' Agreement provides the same injunctive relief for them and every member of the proposed class; and Named Plaintiffs have vigorously represented the class and pursued this outcome on behalf of the Settlement Class. Class counsel is experienced in litigating class actions and impact cases involving civil rights violations of the most vulnerable members of society including other similar civil rights class actions and class actions challenging government policies impacting unhoused populations.

Thus, the Court finds that Plaintiffs have fairly and adequately represented the interest of the Settlement Class.

    5. <u>The Proposed Settlement Satisfies Rule 23(b)(2)</u>

This class satisfies Rule 23(b)(2), which requires that defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Here, Plaintiffs and the Proposed Class only seek injunctive relief addressed to the Ordinances, which, as stated above, apply generally to the class, and injure each Class Member in the same or substantially similar ways. Additionally, all Plaintiffs and all members of the Proposed Class will benefit from the guaranteed three miles of OSV parking capacity, clear map of where OSV parking is possible, modified enforcement practices, and other certainties that the Agreement provides. Certification under Rule 23(b)(2) is thus granted.

  **C.** **<u>The Proposed Form of Judgment is Approved</u>**

Plaintiffs have submitted with their Motion a form of Judgment that is consistent with the

terms of the Agreement and Federal Rule of Civil Procedure 23(c)(3)(A). The Clerk of Court is directed to enter the proposed form of Judgment upon entry of this Order.

IT IS SO ORDERED.

DATED:  Feburary 28, 2023

                                        Hon. Nathanael M. Cousins
                                        United States  Magistrate Judge