1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CELERINA NAVARRO, JANET STEVENS, ARMANDO COVARRUBIAS, EVELYN ESTRADA, GABRIEL RANGEL JAIME, ALMA ALDACO, and others,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF MOUNTAIN VIEW,<br><br>    Defendant. | **Case No. 5:21-cv-05381-NC**<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS** |

**INTRODUCTION**

**I.      INTRODUCTION**

In 2021, Plaintiffs filed this action against the City of Mountain View, alleging that two recently enacted ordinances restricting when and where oversized vehicles ("OSVs") could park violated the state and federal constitutional and statutory rights of Plaintiffs and other people living in OSVs.

The City does not admit these allegations, and does not concede liability. However, after nearly a year of negotiations—including multiple settlement conferences with Magistrate Judge Susan van Keulen—the Parties have reached agreement on a proposed class-wide settlement. As part of this settlement, the City has agreed to pay Plaintiffs a total of $750,000 (the "Agreed Amount") to compensate them for the attorneys' fees and costs incurred in connection with this action. This Agreed Amount was negotiated during a December 1, 2022 settlement conference with Judge van Keulen that followed more than a month of arms-length negotiations between the parties—all of which occurred only after all substantive settlement terms pertaining to injunctive relief for the class had been resolved.

Plaintiffs now request that this Court enter an order approving a fee and cost award in the Agreed Amount of $750,000. Specifically, Plaintiffs ask this Court to find that the Parties' negotiated $750,000 fee and cost award is fair and reasonable in light of Plaintiffs' full lodestar, and to approve the reasonableness of the work and rates underlying that lodestar amount

Having presided over the proceedings in the above-captioned action and considered all pertinent arguments, pleadings, records, and papers, this Court finds and orders as follows:

**II.     FINDINGS**

**A.      As the prevailing party, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs.**

Under 42 U.S.C. § 1988 and the other state and federal statutes at issue in this case, a prevailing Plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See* 42 U.S.C. § 1988 (providing attorney's fees in proceedings for the vindication of federal constitutional rights); 42 U.S.C. § 12205 (providing for attorneys' fees, litigation expenses, and costs for

1  proceedings brought under the Americans with Disabilities Act); 29 U.S.C. § 794a(b) (providing
2  for attorneys' fees and costs for proceedings under the Rehabilitation Act); Cal. Civ. Proc. Code
3  § 1021.5 (providing for fees for enforcement of state laws in the public interest).

4      Such fee-shifting provisions are intended "to ensure effective access to the judicial
5  process for persons with civil rights grievances." *See Hensley v. Eckerhart*, 461 U.S. 424, 429
6  (1983) (internal quotations and citations omitted). As the Supreme Court has recognized, "[i]f
7  successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties
8  would be in a position to advance the public interest by invoking the injunctive powers of the
9  federal courts." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per curiam).
10  Thus, in civil rights actions such as this one, recovery of a reasonable fee award is "the rule
11  rather than the exception." *Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir.1989)
12  (internal quotation marks omitted); *see also Hensley*, 461 U.S. at 429 (prevailing civil rights
13  plaintiffs "should ordinarily recover" their attorneys' fees "unless special circumstances would
14  render such an award unjust").

15      Ninth Circuit caselaw is clear that, "[a] plaintiff 'prevails' when he or she enters into a
16  legally enforceable settlement agreement against the defendant." *Barrios v. Cal. Interscholastic
17  Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002). Similarly, the Supreme Court has held that a
18  "material alteration of the legal relationship between the parties occurs"—and that a plaintiff
19  prevails for the purposes of fees—when "the plaintiff becomes entitled to enforce a judgment,
20  consent decree, or settlement against the defendant. *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).
21  Under any of these three situations, "the legal relationship is altered because the plaintiff can
22  force the defendant to do something he otherwise would not have to do." *Fischer v. SJB-P.D.
23  Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000).

24      Upon final approval, Plaintiffs will have secured a court-enforceable settlement that alters
25  the legal relationship between the Parties in a way that "directly benefits" Plaintiffs and the class.
26  *Barrios*, 277 F.3d 1128 at 1134 (quoting *Fischer,* 214 F.3d at 1118). As Plaintiffs point out
27  below, "[p]rior to the Parties' settlement, the City could have chosen to retain at least three miles
28  of City streets for OSV Parking or not; to issue at least one ticket before a tow, or not; and to

1 publish a map showing where people can park, or not. Pursuant to the Parties' settlement, the

2 City must do each of these things – and more – and if it fails to abide by these or any other

3 material terms of settlement, Plaintiffs and the class can initiate the dispute resolution process to

4 ensure compliance."

5   Plaintiffs are the prevailing party, and are thus entitled to an award of reasonable fees and

6 costs.

7   **B. <u>The Parties' negotiated fee and cost award is fair and reasonable.</u>**

8   In the context of a class settlement, "courts have an independent obligation to ensure

9 that" any award of fees and costs "is reasonable, even if the parties have already agreed to an

10 amount." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Having

11 considered all relevant materials, the Court finds that the negotiated $750,000 fee and cost award

12 in this case is reasonable, as explained in more detail below.

13   The Supreme Court has held that "the degree of success obtained" by plaintiffs is the

14 "most critical factor" in determining whether they should receive "a fully compensatory fee."

15 *Hensley v. Eckerhart*, 461 U.S. 424, 435-36 (1983). In securing the Settlement Agreement in this

16 case, Plaintiffs have prevailed on their core claims and achieved an excellent result on behalf of

17 the settlement class. These facts weigh heavily in favor of finding that their negotiated fee award

18 is reasonable. *See id.; Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1304 (W.D. Wash.

19 2001), *aff'd*, 290 F.3d 1043 (9th Cir. 2002).

20   Plaintiffs' full lodestar, calculated by multiplying the number of hours Plaintiffs

21 reasonably expended on the litigation by their reasonable hourly rate, is the presumptively

22 reasonable attorneys' fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010);

23 *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *amended*, 108 F.3d 981 (9th Cir.

24 1997). This amount—currently in excess of $1,365,000—is far more than the Parties' agreed-

25 upon fee and cost award in this case, which reinforces the reasonableness of the smaller

26 $750,000 amount actually sought here.

27   1. <u>The time Plaintiffs' counsel billed to this case was reasonable.</u>

28   "[T]he award of fees should cover 'every item of service which, at the time rendered,

1  would have been undertaken by a reasonably prudent lawyer to advance or protect his client's

2  interest' in the case at bar." *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003) (quoting

3  *Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 638 (9th Cir. 1989).

4        As the Ninth Circuit has recognized, lawyers have little incentive to "spend unnecessary

5  time" on civil rights cases taken on contingency, and in considering such cases, "the court should

6  [generally] defer to the winning lawyer's professional judgment as to how much time [they] were

7  required to spend." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). In

8  determining what was reasonable, courts are also mindful that there are "crucial differences

9  between prosecuting and defending a case." *Chabner v. United of Omaha Life Ins. Co.*, No. C-

10  95-0447-MHP, 1999 WL 33227443, *3 (N.D. Cal. Oct. 12, 1999); *see also Ferland v. Conrad*

11  *Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001) (per curiam) (detailing differences).

12        Here, Plaintiffs' counsel has provided records showing that they devoted more than 2,100

13  hours to this action through September 15, 2022, which amounts to over $1,365,000 in fees at

14  their standard hourly rates.  In the interest of settlement, Plaintiffs' counsel has effectively

15  "written off" a significant amount of this time, and the "Agreed Amount" of $750,000 represents

16  an approximately 45% reduction from their full lodestar.

17        In consideration of the novelty of this case and the results achieved, the Court finds that

18  the majority of hours billed by Plaintiffs' counsel were reasonably incurred. However, even if

19  some excessive or duplicative time were included in Plaintiffs' lodestar calculation, such time

20  would be more than accounted for by the negotiated $750,000 fee and cost award in this case,

21  which represents more than a 45% reduction from their full lodestar.

22        2.   The current hourly rates for Plaintiffs' counsel—which form the basis of
             their lodestar calculation—are reasonable and approved. .

23

24  Plaintiffs' lodestar is based on the following rates:[1]

25  _____

26  [1]     During the pendency of this matter, Plaintiffs' counsel has not received a penny in fees,
    despite having devoted over a thousand hours to the case. To account for this delay in payment,
    Plaintiffs are entitled to compensation at their counsel's current (2022) hourly rates.  *See Perdue*,

27  559 U.S. 542 at 556; *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 583–84 (2004), *as
    modified* (Jan. 12, 2005). Despite this entitlement, Plaintiffs' lodestar is based in part on

28  historical—that is, 2019, 2020, and 2021—rates for many attorneys, further reinforcing the
    reasonableness of both Plaintiffs' lodestar amount, and the Agreed Amount actually sought.

**American Civil Liberties Union Foundation of Northern California**

| Attorney | 2019 rate | 2020 rate | 2021 rate | 2022 rate | Graduation year |
|---|---|---|---|---|---|
| William Freeman | $ 915.00 | $ 940.00 | $ 955.00 | $ 990.00 | 1978 |
| Grayce Zelphin | N/A | N/A | $ 530.00 | $ 690.00 | 2011 |
| Jamie Crook | $ 585.00 | N/A | N/A | N/A | 2006 |
| Brandon Greene | N/A | $ 380.00 | $ 445.00 | N/A | 2013 |

**Disability Rights Advocates**

| Attorney | Rate | Graduation Year |
|---|---|---|
| Thomas Zito | $ 590.00 | 2010 |
| Sean Betouliere | $ 490.00 | 2015 |
| Shira Tevah | $ 490.00 | 2015 |
| Monica Porter | $ 460.00 | 2016 |
| Michelle Iorio | $ 520.00 | 2013 |
| Paralegal/Law Clerk | $ 280.00 | N/A |

**Law Foundation of Silicon Valley**

| Attorney | Rate | Graduation Year |
|---|---|---|
| Annette Kirkham | $ 803.00 | 2001 |
| Nadia Aziz | $ 681.00 | 2007 |
| Erin Neff | $ 453.00 | 2014 |
| Lauren Carden | $ 529.00 | 2011 |
| Michael Trujillo | $ 388.00 | 2019 |

**King & Spalding**

| Attorney | Position | Graduation Year | 2020 Rate/Hour | 2021 Rate/Hour | 2022 Rate/Hour |
|---|---|---|---|---|---|
| Quyen Ta | Partner | 2003 | $990.00 | $1070.00 | N/A |
| Arwen Johnson | Partner | 2006 | $930.00 | $1015.00 | $1125.00 |
| Kelly Perigoe | Partner | 2009 | $880.00 | $960.00 | $1125.00 |
| Sam Diamant | Senior Associate | 2012 | $810.00 | $909.43 | $1024.61 |
| Meghan Strong | Associate | 2018 | $565.00 | $645.00 | $775.00 |
| Rachel Rubens | Associate | 2020 | N/A | $550.00 | $639.70 |

For reasons discussed in more detail below, the Court finds that these rates for Plaintiffs' counsel are reasonable and in line with prevailing market rates for similar work performed by attorneys of comparable skill, experience, and reputation.

When determining whether requested rates are reasonable, courts judge them in comparison to rates charged by other "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community – here, the Northern District of California. *Davis v. City & Cty. of S.F.*, 976 F.2d 1536, 1545-46 (9th Cir. 1992); *see also Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010). In making this comparison, courts must look not only to the rates charged by or awarded to other civil rights attorneys and non-profit organizations, but also to the rates that **private** attorneys of comparable skill charge or are awarded. *Davis*, 976 F.2d at 1545-46. This is because "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization." *Blum v. Stenson*, 465 U.S. 886, 894 (1984).

Similarly, rates in a civil rights matter such as this should not be reduced based on a false premise that civil rights litigation is simpler or less worthy of compensation than other forms of complex legal work. As the Supreme Court held in *City of Riverside v. Rivera*: "Congress made clear that it intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and *not be reduced because the rights involved may be nonpecuniary in nature*." 477 U.S. 561, 575 (1986) (quotation marks omitted) (italics in original).

Plaintiff's counsel Disability Rights Advocates (DRA) has successfully litigated hundreds of disability rights class action and impact cases across the country. *See* Zito Decl. at ¶¶ 6-20 (describing firm and its attorneys)**.**  In recognition of this skill and experience, courts in California have routinely approved DRA's standard rates as reasonable, and awarded hourly rates to DRA attorneys – including Mr. Zito and Mr. Betouliere – that are commensurate to those awarded to or charged by attorneys at other top-tier firms.[2]

---

[2]     *See, e.g.*, *Roque v. Seattle Housing Authority*, No. 2:20-cv-658-JRC, Order on Motion for Attorneys' Fees and Costs (Dkt. No. 92) (W.D. Wash, Sept. 28, 2021) (approving 2021 rates of $545 for Mr. Zito—the "senior litigator"—and $445 per hour for Mr. Betouliere in the Seattle market); *T.G. v. Kern County*, No. 1:18-CV-00257-JLT Order Granting Final Approval of the Class Action Settlements and Order Granting Plaintiffs' Motion For Fees and Costs (Dkt. No. 73) (E.D. Cal. June 5, 2020) (approving settlement of attorneys' fees including 2020 rates of $525 per hour for Mr. Zito); *Cmty. Res. For Indep. Living v. Mobility Works of Cal.*, No. 18-CV-06012-JSW, 2020 WL 10505223, *2 (N.D. Cal., May 22, 2020) (awarding 2020 rates, including $525 for Thomas Zito, $425 for Sean Betouliere, $275 for paralegals, and $230 for litigation

1       The standard hourly rates of William Freeman and others at the American Civil Liberties

2   Union Foundation of Northern California are also regularly approved by courts in this district

3   and elsewhere.[3]  The standard hourly rates of Law Foundation of Silicon Valley attorneys have

4   similarly been approved by courts in this district. *See Huynh v. Harasz*, No. 14-cv-02367-LHK,

5   Amended Order Granting Attorneys' Fees (Dkt. No. 166) (N.D. Cal., March 17, 2017).

6       Finally, the requested King and Spalding rates, which are regularly billed to paying

7   clients, are "5 to 15 percent below the 2021 AmLaw 50, top 75th percentile average standard

8   rates for litigation." Ta Decl. at ¶ 14.

9       The reasonableness of these requested rates is also affirmed by the declaration of attorney

10  Richard M. Pearl, who devotes the bulk of his practice to litigation involving attorneys' fees.

11  Pearl Decl. at ¶¶ 4-7 (experience); ¶¶ 19-35 (opining on reasonableness of requested rates).

12                  3.      Plaintiffs are entitled to recover their reasonable litigation costs.

13      "Costs are awarded to the prevailing party in civil actions as a matter of course absent

14  express statutory provision, 'unless the court otherwise directs.'" *Nat'l Org. for Women v. Bank*

15  *of Cal., Nat'l Ass'n.*, 680 F.2d 1291, 1294 (9th Cir. 1982) (quoting Fed. R. Civ. P. 54(d)). Under

16  42 U.S.C. § 3613(c)(2), Plaintiffs are entitled to all reasonable out-of-pocket costs incurred,

17

18  assistants); *Cole v. Cty. of Santa Clara*, No. 16-CV-06594-LHK, Dkt. No. 86 (N.D. Cal. Mar. 21,
19  2019) (awarding 2018 rates, including $525 for an attorney with eight years of experience, and
    $425 for an attorney with five years of experience); *see also Nat'l Fed'n of the Blind v. Uber*
20  *Techs., Inc.*, 3:14-cv-04086 NC, Dkt. Nos. 139, 144, 193 (N.D. Cal.) (approving DRA's 2016
    rates); *G.F. v. Contra Costa Cty.*, No. 3:13-cv-03667-MEJ, Dkt. No. 307 (N.D. Cal. Nov. 25,
21  2015) (approving settlement fees based on 2014 rates); *Gray v. Golden Gate Nat'l Recreation*
    *Area*, No. 3:14-cv-00511, Dkt. No. 26 (N.D. Cal. July 10, 2014) (finding requested rates
22  reasonable to support negotiated lodestar); *Californians for Disability Rights v. Cal. Dep't of*
    *Transp.*, No. C 06-5125 SBA, Dkt. Nos. 528, 529 (N.D. Cal.) (finding 2010 rates reasonable);
23  *Nat'l Fed'n of the Blind v.Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261 (N.D. Cal.
    Aug. 3, 2009) (finding 2008 rates reasonable).
24

25  [3] *See, e.g.*, *Saravia, et al. v. Sessions, et al.*, No. 17-cv-03615-VC, U.S.D.C., N.D. Cal., Dkt. No.
    264 (June 7, 2021) (approving negotiated fee award based on unchallenged rates including 2019
26  rate of $945 for William Freeman); *Sanchez, et al, v. California Department of Transportation,*
    *et. al.*, Case No. RG16842117, California Superior Court, Alameda County (July 14, 2020)
27  (judgment approving negotiated fee award based on unchallenged rates including $940 for Mr.
    Freeman); *Zepeda Rivas, et al. v. Jennings*, Case No. 20-cv-02731-VC, U.S.D.C., N.D. Cal.,
28  Dkt. No. 1257 (June 9, 2022) (approving negotiated fee award based on unchallenged rates
    including 2021 rate of $1,030 for Mr. Freeman).

1  including taxable costs recoverable under Federal Rule of Civil Procedure 54(d). *Harris* v.

2  *Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994); *see also Dang v. Cross*, 422 F.3d 800, 814 (9th Cir.

3  2005) (affirming that reasonable "out-of-pocket expenses that would normally be charged to a

4  fee-paying client" are recoverable under 42 U.S.C. § 1988) (quotation marks omitted).

5          Plaintiffs' counsel incurred over $7,000 in costs in this action. See Zito Decl. ¶ 42; Ta

6  Decl. ¶ 21.  These costs are also likely reasonable and recoverable, but because Plaintiffs' full

7  lodestar is already well in excess of the negotiated $750,000 fee and cost amount, the Court need

8  not reach this issue.

9  **III.    CONCLUSION**

10          For the reasons stated above, Plaintiffs' motion is GRANTED in full.  The City must pay

11  the settlement fee within forty-five (45) days from the date of judgment.

12  IT IS SO ORDERED.

13

14  DATED:  February 28, 2023          _____

15                                     Nathanael Cousins
                                       United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28